1-12887 and 21-14156, Crystal Lamb v. Clayton County School District Clayton County School District 1-12887 and 21-14156, Crystal Lamb v. Clayton County School District 1-12887 and 21-14156, Crystal Lamb v. Clayton County School District 1-12887 and 21-14156, Crystal Lamb v. Clayton County School District 1-12887 and 21-14156, Crystal Lamb v. Clayton County School District 1-12887. The attorneys' fees issue come at the back end of the case. So if you don't mind, why don't we take up the other issues sequentially and see if there's anything that's properly before us? So the first issue that the county raised in its brief was the denial of summary judgment. But it seems to me at least that binding Supreme Court and Eleventh Circuit precedents say that that denial is not reviewable following a jury verdict. In that case, Judge, a slightly different nuance we believe would allow that issue to be appealed and we would base that on this court's 2016 decision in EEOC v. St. Joseph's in which the court upheld a grant of summary judgment on the basis that an explicit ruling that no reasonable jury could find that the use of a cane in a psychiatric ward at the hospital would be a reasonable accommodation. And in this case, that's analogous to the type of facility that the Ash Street Center operated by the school district. But I think the way you've described that case, there's a really big point of distinction. You can always appeal the grant of summary judgment that knocks out a claim following a jury verdict because the plaintiff wasn't able to go to the jury on the claim that got knocked out at summary judgment. So if I have three claims that I assert as a plaintiff and the district court knocks out claim one on summary judgment, lets me go to trial on two and three, no matter what happens I can appeal the grant of summary judgment against me following the jury verdict. But this case involves the denial of summary judgment. How do you get around the Supreme Court and Eleventh Circuit precedent? I certainly agree with the procedural analysis. It's the holding, the explicit holding that no reasonable jury could determine that. I would have thought that the procedural mechanism by which to make that argument is a, you know, what used to be called a JNOV argument, right, a post-trial motion, where it's effectively a post-trial summary judgment motion. Like this thing never should have gone to a jury. But then, that leads to question number two, I suspect, in Judge Jordan's cascade. Did you renew your post-trial motion for judgment as a matter of law? I did not try the case. No, no, no. That's okay. I'm sorry. Not you. Did your client renew its motion? It was not renewed. There was a motion made following the initial presentation by the plaintiff. I don't think that that, because it's, there's a legal ruling that no reasonable jury could find that the use of a cane with psychiatric patients or developmentally disabled persons, because the cane could be used as a weapon. I'm sorry. I'm sorry. I'm just sort of hung up on the procedure, I guess. So, not you, but your client, whoever was representing your client, I mean, isn't it sort of settled Supreme Court precedent that if you don't renew your post-trial motion for judgment as a matter of law, you're out of luck on appeal? There's a line of cases that do support that approach. And you don't dispute that the motion wasn't renewed? The motion was not renewed. Counsel, let me, let me try to come at it a different way so you can understand our problem with your argument. If we agreed with you, wouldn't take the Supreme Court long to reverse this, but if we agreed with you and held that you could review summary judgment through an attorney fee motion and that summary judgment should have been granted in this case, let's say you got a sweeping ruling in your favor, what would that then mean for the judgment itself? Not the, not the attorney fees, but the judgment against your client, liability. Well, on that basis, I suppose the case could get, could be remanded, but the judgment would go away. Okay. So, so you're saying that you can appeal the denial of summary judgment or the denial of a 58 motion and all you got to do is tack attorney fees on to your appeal, right? Every time you have an attorney's fee awarded against you, you can review the summary judgment denial, not withstanding the jury and not withstanding, not having renewed it by simply saying I appeal the attorney fees on that basis, right? Judge, I believe the distinction, if I can be, I hope I can be clear on it, that this was different from the situation where there was a, a factual dispute that was then resolved by a jury versus an issue that should never, never have gone to the jury because you've got binding, you've got precedential decisions from this court which say that no reasonable jury could find that that was a reasonable limitation. Counsel, I'm sorry, I shouldn't have belabored it. I think you know which way the court's leaning, quote unquote, in that, so I don't want to take up any more of your time trying to get you to convince me. I have one more record question and I promise I'm not looking on Judge Jordan's notes, but I do suspect that the third issue in his procedural cascade is you've also made an argument that the award was excessive, the $300,000 award was excessive. Did you make that argument to the district court and if so, where? Yes, that amount was reduced and in fact, the plaintiff has argued that the district has waived its right to challenge the amount of the award because by saying that a statutory cap would apply, that that somehow constitutes conceding that that was the proper award amount, which is not the argument at all and doesn't logically follow. But did you ask, what I'm asking is, did you tell the district court this award is excessive and if so, in what, I mean, I would have thought this would have been a Rule 59 motion or something, but in what piece of paper did you tell the district court that the award was excessive? The statutory, I mean, it was brought up after the award. There was a notice of appeal filed after the judgment. I guess what Judge Newsom is trying to ask you is, did the county, not you personally, did the county file a Rule 50B motion for judgment as a matter of law arguing either that there was insufficient evidence or that the jury verdict was excessive? There was no separate motion. There was no Rule 59 motion for a new trial based on the excessiveness of the verdict either? There was not. Right, that's, okay. You started and I interrupted you talking about the attorney's fees, which is a whole different jurisdictional problem, so I want to give you a chance to explain or argue why you think that the attorney's fee appeal is properly before us. Yes, and I will be brief because my time is running. We interrupted you. Valerie, give him three more minutes, please. Thank you. The November 9th fee award order specifies an amount certain, and in fact, the amount of fees granted exceeds the amount of damages provided to the plaintiff in the case. And that order set a specific dollar amount of the award and said that if there were other fees that the plaintiff's counsel incurred, you know, from the date of last briefing and then the date of the order, to submit those as well. And plaintiff's counsel did not submit anything in that regard, which tends to show that the fee award was final. And although there are a line of cases that the parties were instructed to address that state that a fee award with no dollar amount is not a final award, in this case we did have a dollar amount, anything beyond that fixed dollar amount, which exceeded half a ministerial act and provided a simple mathematical calculation. The subsequent January 3rd order simply added interest, and we all know that interest is a multiplication by the interest rate. Let me ask you what I think is a really, I know you faced some difficult questions already today, but I'm going to ask you another one. Let's assume that you're right about the attorney's fee award and the addition of interest being ministerial so as to make the initial award directly appealable, okay? Let's assume that we have jurisdiction to address your attorney's fee challenge. I know you didn't write the brief, so this is not a comment on you, but the only argument in the brief about the attorney's fee award is the attorney's fees should not have been granted because the district court should have granted summary judgment in favor of Clayton County, and the denial of summary judgment was error. But if the denial of summary judgment is not before us, doesn't the challenge to the attorney's fee award just go away? If you have given us no other reason, you don't say that the award was excessive, you don't say that the hourly rate was wrong, none of those things. So how do you prevail assuming you're right on jurisdiction? Well, the, I was presenting it out front because it was a threshold issue. At least that's, you know, the briefing schedule was changed to allow the parties to address that issue. So, as far as the response to that portion, it was briefed as whether that order was a final order from which an appeal could be taken because that was a threshold issue that we wouldn't be here otherwise. And we thank the court for allowing us the opportunity to argue. So just to follow up on Judge Jordan's question, assuming we have jurisdiction, do you have any argument for why the attorney's fee award was not proper other than that you should have won? That was the argument that was presented to the court. Thank you very much. You've saved your time for rebuttal. Yes, good morning. Thank you. May it please the court, my name is Lisa Taylor and my co-counsel John Stembridge and Holly Pearson and I represent the Crystal Lamb, who was the plaintiff in the court below the appellee here. As reflected in Mr. Joukowsky's argument, there are really kind of two, only two issues that are presented to the court today. The first is the simple question of whether the district court's judgment on the merits should be affirmed and plainly it should. All of Clayton County's arguments on the merits are either procedurally barred or waived under clear precedence of this court and the United States Supreme Court and the appellant has identified no reversible error that would support setting aside the jury's verdict. I'd be happy to address those merits issues. The second issue, of course, is the jurisdictional one on the question of the district court's award of the plaintiff's attorney's fees. Mr. Joukowsky says that at least that's the jurisdiction on the attorney's fee issue. The only thing the district court really left open when it issued the initial fee award was subsequent fees. Fees on fees for you litigating the fees and if you had more of those, you could have asked for them. You didn't, but you asked for interest. And so his argument is that initial fee award was a final order that could have been taken up. What's wrong with that? Yes. Respectfully, Your Honor, that's not correct under the law that this court has established that governs whether an order is final for purposes of appeal. And going back 40 years, this court has stated that an order is not final if on its face it contemplates further proceedings before the party's ultimate obligations become fixed. And in particular, in the context of post-judgment proceedings, the order is final only if it disposes of all the issues raised in the motion that initially sparked the post-judgment proceedings and if it is apparently the last order entered. In this case, the November 9 order did include an amount of attorney's fees, but it expressly left open the proceedings for the plaintiff to submit an additional request for any additional fees incurred since the date of her original evidentiary submission in support of her fee petition. You didn't ask for any such fees, right? Yes, Your Honor, that is correct, but that does not retroactively convert a non-final order on its face into a final order. You may be right, you may be right, but here, assuming we're right on this issue, here's my concern. Did you ask for interest when you asked for fees the first time around? No, Your Honor, I don't believe the original fee petition included. Right, so if I'm a defendant, right, like Clayton County, and you say in your fee motion, I want these fees based on this rate, based on these hours, so forth and so on, and you don't say you want interest, and the district court grants you what you want, or maybe a little less, maybe a little bit more, and says, I'm leaving this open in case you want fees on fees, if you want fees for litigating the fees. If I'm Clayton County, I'm thinking the only thing that's up for grabs in the next two to three weeks is fees on fees, but you don't move for fees on fees. You asked for interest, which you didn't ask for the first time around. As a policy matter, and maybe policy is not the right way to approach this, but as a policy matter, why shouldn't that first award be deemed final? Because Your Honor, the law is that, well, and as a policy matter, that award expressly ordered the plaintiff to submit additional proof. No one knew at that point that that order was entered that she would not have any additional fees to request. In fact, the reason that she didn't have any additional fees to request is because, although at the time she submitted her initial evidentiary proof supporting her fee petition, she anticipated that Clayton County would submit a response opposing it. They never did, so they waived that argument. So there was nothing to reply to, resulting in this sort of unusual circumstance where there was no need for a reply brief in support of her fee petition because there was no opposition to it to begin with, and so she didn't claim any additional fees. That doesn't change the fact that at the time the district court entered its order that expressly stated that she should submit further documentation in support of any additional fees that she might request, that cannot have been final. The rule is that it must be apparently the last order entered in the action, and it's clear from the face of that November 9 order that it was not the last order entered in the action. The other possibility, and I don't know what the ultimate answer is, but the other possibility is that an award of interest on the fees was a purely ministerial task, thereby rendering the initial fee award final and appealable. What do you say to that possibility? There is case law that supports that premise, that a simple calculation of post-judgment interest is ministerial, an arithmetic calculation, so that a prior order can still be final even if that arithmetic hasn't been completed, but that's not what happened here. Here the district court's order expressly ordered the plaintiff to submit any evidence of additional fees. It didn't even pertain to the post-judgment interest issue at that point, and the question has to be, as a policy matter, at the time that the order is entered, do the parties know that that's a final order? A contrary rule would leave a potentially appealing party with no way to measure when their time to appeal should begin if they have to think about what possible future orders the court might render. Let me ask you this on that thought, and it's an interesting thought that you put forward. Suppose you just decided, we're not going to do this, I've got some other things, I'll get back to it in six months to a year, but then for fees on fees, nothing happens. They can't appeal? Well, Your Honor, in this case, the order of the district court issued on November 9 expressly provided that the plaintiff had 14 days to submit any additional fees incurred. So it became final on the 14th or 15th day, right? No, Your Honor. I mean, we're speaking hypothetically now, but I believe that the district court would have had to enter another order at that point saying, plaintiff has not requested any additional fees. The time to do so has passed. Therefore, here's my final award of what the fee amount is. District court was busy, just told staff, let me know when that comes in. Yes, Your Honor. No appeal. No finality. Yeah, so it's still, the rule still has to be that at the time the order was entered, did it appear on its face that it was final, and in this case, it couldn't have because it expressly required... Therefore, they can't appeal. Well, Your Honor, they could appeal. They tried to from that order. However, at the end of the day, as a practical matter, once the January 3rd order was entered, if Clayton County had any doubt at that point, you know, we've got to make sure to file a notice of appeal from every potentially final order. It had already filed three in the case at that point. It certainly could have filed a fourth notice of appeal at the point that the January 3rd order was entered that did render it final. So in this situation, we don't have to speculate about what would have happened if there had been no January 3rd order because there, in fact, was one. And so if Clayton County intended to appeal the fee award, it could have filed a notice of appeal from that January 3rd order at that point. The only exception I'd take to... The primary exception I'd take, you said, as a practical matter. I'm not sure that when you're talking about jurisdiction, you can talk about practical matters. A lot of it just does not make sense. You know, a sensible rule here would be, well, gosh, you gave him 14 days, didn't file in 14 days, boom, on the 15th day, it's final. Bright line rule. But nobody's suggesting that was, as I understand it, nobody's suggesting that was the date of finality. Well, yeah, no, Your Honor, no one is suggesting that. That might be an appropriate rule in a case where the plaintiff didn't actually file anything further. But in this case, we did. We filed, in response to the district court's order, filed a pleading stating that because the defendant had not submitted any opposition to the fee request, there was no need for a reply, and therefore no additional fees were incurred, but that we would request that the court add post-judgment interest to the fee award, which it did when it rendered its January 3rd order. Let me ask you one other thing, and this isn't in briefs, and you haven't argued it, but there is a line of precedent. Years ago in the Supreme Court, Judge Joe Flatt used to be his favorite precedent, I'm being facetious, but it was the one that was familiar with it and sometimes invoked it, which is federal courts lack jurisdiction over issues that just plainly lack any merit. I know it doesn't make sense, but those cases say there has to be some substance to the issue, and if there isn't, no jurisdiction. Now, that's honored in the breach, but you argue that this is a frivolous appeal to the You didn't argue that there's no jurisdiction on the attorney's fee order appeal because of frivolity, which you assert in asking for a sanction, that you simply weren't aware of those cases? You're asking about the cases that say that there's no jurisdiction if there's simply no merit at all to the contention? Utterly lacking in merit, everybody would know it, et cetera. Yes, Your Honor, we had not focused on that line of cases, but I can certainly see how they could be applicable here, because as pointed out in the briefing, there's nothing about Clayton County's merits, arguments on the merits that have any basis to set aside the jury verdict. Every contention that they've offered is either procedurally barred or waived. There is no... Well, I know, but that just means it lacks merit. It has to go beyond that for the court to say we don't have jurisdiction. And as I said, that line of cases is honored in the breach, but it just occurred to me, you know, you're asking for sanctions on frivolity grounds if, in fact, it is utterly frivolous enough for the court to exercise its discretion. And for sanction in a frivolous appeal, we do have discretion. If it's that bad, then query there's an absence of jurisdiction and there was in the district court as well. And if there was an absence of jurisdiction in the district court, then the federal courts have no jurisdiction, whether it's because of an appellate jurisdiction defect here or an original frivolity jurisdiction defect. I don't think there's any contention by, certainly not on our part, that the case was frivolous in the district court that would deprive the district court. That's not what I'm talking about. I'm talking about the attorney's fee claim based on the denial of summary judgment. That only came up post-judgment, right? No, Your Honor. Respectfully, I don't think that's really the issue that's presented. Clayton County has challenged on the merits that the district court improperly denied summary judgment. I understand, but the first time they could challenge the award of attorney's fees based on the denial of summary judgment, which is their one and only theory that survived to us, was after the jury vote. They weren't prevailing parties. I'm sorry. You weren't entitled to attorney's fees as a prevailing party until after the jury vote, correct? Yes, Your Honor. Correct. All right. So the first time they could say, no, don't give them attorney's fees because you should have given us summary judgment, was after the jury vote. Yes, Your Honor, although that's the improper procedural mechanism by which to challenge that. Believe me, I know that. I'm fully aware of it. That's the difference between 50A and 50B, among other things. Yes, Your Honor. Okay, I'm sorry. I just wondered about that. Okay. Thank you. So this court lacks jurisdiction over the appeal of the attorney's fees issue because there was no timely notice of appeal filed from the final order issued on January 3rd. There was no pleading filed after the January 3rd order that could qualify as a functional equivalent of a notice of appeal. And in any event, as the court has pointed out in questioning Mr. Joukowsky, the challenge to the attorney's fees issue has no merit in any event because it entirely rests upon the other arguments that the denial of summary judgment was improper, which is procedurally barred under well-established precedents, and the Rule 50 argument, which was waived because Clayton County never filed a post-judgment Rule 50B and also never filed any Rule 59 motion for a new trial, which was the proper procedural mechanism to challenge the amount of the jury verdict. So every merits-based argument that Clayton County has made is clearly barred or waived under plain precedents, and the district court's order should therefore be affirmed. I'd be glad to answer any other questions. I think I'm out of time. All right. Thank you very much, Ms. Taylor. Yes. I would like to respond to the other component of this jurisdictional question. As regards to the January 3rd order, if that was then a new final order or the final order which then needed to be appealed, something needed to be filed within 30 days in order to preserve an appeal of that fee award. On February 2nd, the district filed a motion for protective order. So this is February 2nd on the 30th day following the February 3rd order. That motion for protective order was filed because the plaintiff wanted to conduct post-judgment discovery. However, because the case was under appeal, that motion for protective order referenced both appeals, what was then the briefing schedule, and then asked that the post-judgment discovery be stayed pending a resolution on the appeal. Now, in the PlayNation case, which was in the briefing, this court's decision from 2019 stated if it's objectively clear that the party is seeking appellate review, then a document which references the appeal should be treated as a notice of appeal even if it's not captioned as such. But I thought what that meant is if it's objectively clear that the party is seeking appeal of this order, right? I mean, what you filed, the filings that you're talking about really reference an earlier appeal, right? An earlier appeal from an earlier order. It doesn't reference an appeal from the new order. Or it doesn't suggest an intent to appeal the new order. It suggests and I think demonstrates the district's desire to seek appellate review of what it believes and still believes to be the final order, which was on November 9th. I mean, at the time that that motion was filed, the district believed that that was the final order. And there was mention that if there are further proceedings contemplated in an order, then that order is not final. And you cannot dispute that. If there are further proceedings, there were no further proceedings contemplated with the November 9th order. Merely filling in a blank, such as with a bill of cost or a calculation of back pay, there's no proceeding that goes with that. When the order gave the plaintiff the opportunity to submit an additional bill for those subsequent costs, there was no proceeding with that. It was simply, you can present your bill for that time within these next 14 days. You're saying that you couldn't have challenged it? You couldn't have said, those fees are outrageous, we need to have a hearing? Isn't that kind of what proceedings means? I mean, you know, like, we'll give them an opportunity to submit their bill. If you think it's crazy, we can have a hearing about it. I mean, isn't that just sort of in the lingo what that means? That would be hypothetical because there were no other fees submitted. As it turns out. Right. But it's distinguishable from, say, the Carrillo case where that order specifically said that the court retains jurisdiction to consider additional motions. The November 9th order from the district court in this case didn't say that the court retains jurisdiction regarding those additional fees. It was simply, if you desire to do so, you may submit your additional fees, in the same sense that sometimes there's an award and a party is instructed to provide a bill of cost. I mean, there's not a motion for that. Now, truly, if those additional fees had been presented and they were outrageous or extraordinary, then perhaps at that point it initiates the opportunity to challenge it on reasonableness grounds. But it never happened. There were no other fees. The final fee award was the number that was presented in the November 9th order plus interest, and that interest was simply a mathematical calculation. Thank you both very much. May we be excused? Thank you. Thank you.